UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| LEON PRICE, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANFREIGHT SYSTEMS, INC. | ) | |
| and PIERRE ST. JEAN, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL**

Comes now Plaintiff, Leon Price, by counsel, and for his Complaint against Defendants, Danfreight Systems, Inc. and Pierre St. Jean, alleges and states as follows:

**I. PARTIES**

1. At all times relevant herein, Leon Price was a resident of the State of Illinois.

2. At all times relevant herein Defendant, Danfreight Systems, Inc. ("DFS") was a corporation organized and existing under the laws of the Province of Quebec, Canada with a principal place of business located in Joliette, Quebec Province, Canada and, therefore, a citizen of Canada.

3. At all times relevant herein, Defendant DFS was a commercial motor carrier registered with the United States Department of Transportation, USDOT No. 591904, who regularly conducted business in, received economic benefit from, and had sufficient minimum. contacts with the United States of America and State of Indiana.

4. At all times relevant herein, Defendant, Pierre St. Jean ("St. Jean") was a citizen of Saint Charles Borromee, Quebec Province, Canada, and at the time of the acts and omissions

complained of in this Complaint was an agent, servant and/or employee of Defendant DFS and was acting within the course and scope of his agency and/or employment with Defendant DFS.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present action as there exists complete diversity among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and cost in accordance with 28 U.S.C.A §1332. As previously set forth herein, Plaintiff is a citizen of the State of Illinois, Defendant DFS is a citizen of the Province of Quebec, Canada, and Defendant St. Jean, is a citizen of the Province of Quebec, Canada.

6. This Court has specific personal jurisdiction over the Defendants because the motor vehicle crash giving rise to this wrongful death action occurred in the State of Indiana and, therefore, the present action is related to or "arises out of" Defendant's contacts with the State of Indiana.

7. Venue is proper in the United States District Court, Southern District of Indiana, because the accident giving rise to the wrongful death action alleged herein occurred in the judicial district of the United States District Court, Southern District of Indiana, pursuant to 28 U.S.C.A §1391.

## III. FACTS

8. At all times relevant herein, Interstate-70 ("I-70") was an interstate highway running generally in an east/west direction through Terre Haute, Vigo County, Indiana.

9. The crash which is the subject of this lawsuit occurred in Terre Haute, Vigo County, Indiana, on I-70 in its westbound lanes near the 11.0 mile marker.

10. On March 16, 2019, at approximately 9:40 a.m., Leon Price was lawfully stopped in traffic in the left westbound lane of I-70 due to traffic congestion ahead.

11. At approximately the same place and time, Defendant St. Jean was negligently operating a semi tractor-trailer owned by Defendant DFS ("DFS Semi") in the course and scope of his employment with Defendant DFS westbound on I-70 behind Leon Price's lawfully stopped vehicle when Defendant St. Jean negligently failed to yield to slowing and/or stopped traffic causing the DFS Semi to violently crash into the rear of Leon Price's lawfully stationary vehicle.

12. As a direct and proximate result of the crash, Leon Price suffered severe and permanent injuries and damages.

13. At the time of the crash Defendant St. Jean was an agent and/or employee of Defendant DFS and was operating the DFS Semi in the course and scope of his agency and/or employment with Defendant DFS and Defendant DFS is vicariously liable for Defendant St. Jean's negligent actions and omissions proximately causing the injuries to Leon Price.

## COUNT I

## NEGLIGENCE – ALL DEFENDANTS

14. Plaintiff incorporates by reference all preceding paragraphs and allegations of this Complaint as though fully set forth herein.

15. At all times relevant herein, Defendant St. Jean owed a duty to exercise reasonable care in his operation of the DFS Semi.

16. At all times relevant herein, Defendant St. Jean failed to exercise ordinary care and breached his duty of care in his operation of the DFS Semi.

17. At all times relevant herein, Defendant St. Jean was negligent for, among other reasons:

(a) Failing to operate the DFS Semi in a safe and reasonably prudent manner;

(b) Following too closely;

(c) Failing to maintain a proper lookout for other vehicles;

(d) Failing to pay attention to vehicles in his path;

(e) Failing to maintain a proper space cushion between the DFS Semi and traffic ahead of him including, without limitation, the vehicle operated by Leon Price;

(f) Speeding;

(g) Driving at an unreasonable rate of speed for the circumstances; and

(h) Driving in a negligent manner.

18. Some or all of Defendant St. Jean's negligent acts or omissions were violations of Indiana statutes, ordinances, and/or federal regulations that were designed to protect the class of persons in which Leon Price was included, against the risk of harm which occurred as a result of the violations and, therefore, constitute negligence *per se* under Indiana law.

19. At the time of the crash, Defendant St. Jean was acting in the course and scope of his employment with Defendant DFS and, therefore, Defendant DFS is vicariously liable to Plaintiff for Defendant St. Jean's negligent acts and omissions as set forth herein.

20. As a direct and proximate result of the negligent acts and omissions of the Defendants, and each of them, Leon Price suffered severe and permanent injuries and damages.

WHEREFORE, Plaintiff, Leon Price, by counsel, seeks judgment against Defendants, Danfreight Systems, Inc. and Pierre St. Jean, and each of them, in an amount commensurate with the losses and damages sustained in order to fairly and adequately compensate Plaintiff for the damages incurred, for the costs of this action, prejudgment interest, attorneys' fees and for all other relief just and proper in the premises.

**REQUEST FOR JURY TRIAL**

Comes now Plaintiffs, Leon Price by counsel, and hereby requests trial by jury.

Respectfully submitted,

/s/ Jeffrey O. Meunier
Jeffrey O. Meunier,  Attorney No. 10298-29
320 S. Rangeline Rd.
Carmel, IN  46032
(317) 575-0320
(317) 575-9570 fax
jom@mandmlawyers.com