UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| LEON PRICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-03227-TWP-MJD |
| | ) |
| DANFREIGHT SYSTEMS, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ON DEFENDANTS' MOTION TO PRECLUDE EXPERT TESTIMONY**

This matter is before the Court on Defendants' Motion to Preclude and/or Limit Testimony from Plaintiff's Experts, [Dkt. 52]. For the reasons set forth below, Defendants' motion is **GRANTED IN PART** and **DENIED IN PART**.

## I. Background

Initiated on December 17, 2020, this case arises from a 2019 motor collision wherein Defendant Danfreight Systems' truck, driven by Defendant Pierre St-Jean, crashed into the rear of Plaintiff's vehicle on I-70 in Vigo County, Indiana. Defendants have admitted liability but dispute Plaintiff's alleged damages. Specifically, Defendants argue that Plaintiff's pre-accident medical records establish that he suffered from the same conditions prior to the collision.

On June 11, 2021, Plaintiff filed his preliminary witness list, which disclosed, in relevant part, Dr. Kevin Anderson, Dr. Saikiran Raghavapuram, Dr. Jayant Amberker, and Dr. Aaron Gould as possible witnesses. [Dkt. 17.] On December 10, 2021, Plaintiff served his initial expert witness disclosures, in which he disclosed Dr. Anderson, as well as Dr. Bruce Vest, as possible expert witnesses. [Dkt. 53-2.] Believing that Plaintiff's expert disclosures were deficient under

Fed. R. Civ. P. 26(a)(2) because they failed to provide a summary of the facts and opinions to which the physicians were expected to testify, Defendants offered Plaintiff an opportunity to supplement his disclosures. [Dkt. 52 at 4-5.] Plaintiff did so on December 16, 2021. [Dkt. 53-1.] Plaintiff then filed his final witness list on March 09, 2022, which included Dr. Anderson, Dr. Vest, Dr. Raghavapuram, Dr. Amberker, and Dr. Gould as possible witnesses. [Dkt. 46.]

Defendants filed the instant Motion to Preclude and/or Limit Testimony from Plaintiff's Experts, [Dkt. 52], on June 1, 2022.

## II.  Discussion

Defendants move to preclude testimony from Dr. Raghavapuram, Dr. Amberker, and Dr. Gould on the ground that they are undisclosed experts; Defendants move to preclude testimony from Dr. Anderson and Dr. Vest on the grounds that their supplemental disclosures remain deficient and that their opinions are inadmissible. [Dkt. 52.] The Court will address each argument in turn.

### A. Dr. Raghavapuram, Dr. Amberker, & Dr. Gould

As noted, Plaintiff's preliminary and final witness lists both included Dr. Raghavapuram, Dr. Amberker, and Dr. Gould. Defendants argue that, because these witnesses were not disclosed as experts, "they should be precluded from providing any opinions regarding Plaintiff's diagnoses, treatment, or causation." [Dkt. 52 at 4.] Plaintiff did not respond to this argument. *See* [Dkt. 54].

Because Plaintiff's expert witnesses were required to be disclosed by December 17, 2021, *see* [Dkt. 36], and Plaintiff did not include Dr. Raghavapuram, Dr. Amberker, or Dr. Gould in his expert disclosures, they are precluded from testifying as experts. Defendants' motion is therefore

2

**GRANTED** to the extent that Dr. Raghavapuram, Dr. Amberker, and Dr. Gould may not provide testimony in this case pursuant to Federal Rule of Evidence 702.

That said, it is not clear that Dr. Raghavapuram, Dr. Amberker, and Dr. Gould were intended to be disclosed as experts in the first place. Indeed, these doctors were included in Plaintiff's preliminary and final witness lists, without any indication that their testimony would be expert in nature. It is certainly possible that Plaintiff always intended to elicit only non-expert testimony from Dr. Raghavapuram, Dr. Amberker, and Dr. Gould. *See* Fed. R. Evid. 602; Steven Baicker-McKee et al., Federal Civil Rules Handbook 805 (2021) ("The expert disclosures are required if the testimony is expert in nature, not factual; expert disclosures are not required if a witness with expertise is being called to give percipient factual testimony.") (citing *White v. Hafel*, 875 F.3d 350, 355 (7th Cir. 2017); *Ryan Development Co., L.C. v. Indiana Lumbermens Mut. Ins. Co.*, 711 F.3d 1165, 1170-71 (10th Cir. 2013); *Gomez v. Rivera Rodriguez*, 344 F.3d 103, 113 (1st Cir. 2003)).

However, Plaintiff has not revealed Dr. Raghavapuram's, Dr. Amberker's, and Dr. Gould's expected testimony. Despite the Case Management Plan's requirement that the parties' final witness lists "shall include a brief synopsis of the expected testimony," [Dkt. 16 at 3 (Section III, Paragraph I)], Plaintiff's final witness list does not. Instead, Plaintiff's final witness list contains only names and addresses; it omits any kind of synopsis altogether.[1] Consequently, **within 14 days of the date of this Order**, Plaintiff shall file an amended final witness list that includes "a brief synopsis of the expected testimony" for **each** potential witness identified in compliance with the approved Case Management Plan, [Dkt. 16]. Regardless of Plaintiff's

---

[1] To be clear, providing the names and addresses of expected witnesses is sufficient to satisfy the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3)(A). However, the Case Management Plan in this case explicitly includes additional requirements with which Plaintiff did not comply.

original intent, to the extent that Plaintiff wishes to call Dr. Raghavapuram, Dr. Amberker, and Dr. Gould as witnesses, their testimony will be limited to that of fact witnesses only.

### B. Dr. Anderson & Dr. Vest

Defendants additionally move to preclude testimony from Dr. Anderson and Dr. Vest on the grounds that (1) their supplemental disclosures remain deficient under Fed. R. Civ. P. 26(a)(2)(C), and (2) their testimony is inadmissible under Fed. R. Evid. 702.

1. Sufficiency of Disclosures

On December 16, 2021, Plaintiff provided the following supplemental disclosure of his treating physicians, chiropractor Dr. Anderson and orthopedic surgeon Dr. Vest:

> Dr. Anderson is not a retained expert. It is anticipated that Dr. Anderson will testify as to his treatment of Plaintiff, that his treatment was related to injuries received in the subject accident, his billings and any permanent effects. His anticipated testimony is that his treatment of Plaintiff's low back, thoracic, cervical and leg injuries was as a result of the collision, which is at issue in this litigation, that the treatment was reasonable, that the medical expenses incurred was [sic] reasonable and was [sic] related to the collision and that Plaintiff suffers permanent effects from the injuries incurred and that he will require further treatment in the future as a result of the collision. It is further anticipated that he will testify that the accident aggravated a pre-existing condition which Plaintiff suffered from in his back.
>
> . . .
>
> Dr. Vest is not a retained expert. It is anticipated that Dr. Vest will testify as to his treatment of Plaintiff, that his treatment was related to injuries received in the subject accident, his billings and any permanent effects. His anticipated testimony is that his treatment of Plaintiff's low back, [sic] injuries was as a result of the collision, which is at issue in this litigation, that the treatment was reasonable, that the medical expenses incurred was [sic] reasonable and was [sic] related to the collision and that Plaintiff suffers permanent effects from the injuries incurred and that he will require further treatment in the future as a result of the collision. It is further anticipated that he will testify that the accident aggravated a pre-existing condition which Plaintiff suffered from in his back.

[Dkt. 53-1.] Citing to *Hogan v. United States*, 2021 WL 843451 (S.D. Ind. Mar. 4, 2021), Defendants now argue that the opinions cited to in Dr. Anderson's and Dr. Vest's expert

disclosures "are nothing more than conclusions devoid of any specificity as to what those opinions actually are," since they do not list any facts to which Dr. Anderson and Dr. Vest were expected to testify, and fail to "disclose any diagnosis, disclose any treatment rendered, or disclose any alleged permanent effect." [Dkt. 52 at 5.] Plaintiff, again, did not respond to this argument.

The disclosure requirements for expert witnesses are articulated by Federal Rule of Civil Procedure 26(a)(2), and are divided into two categories. Witnesses who are "retained or specially employed to provide expert testimony" must provide a written report. Fed. R. Civ. P. 26(a)(2)(B). Among other requirements, the written report must contain "(i) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; [and] (iii) any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B). Conversely, non-retained expert witnesses need not provide a report, but counsel must disclose "the subject matter on which the witness is expected to present evidence" and "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

"Whether an expert must provide a complete report under 26(a)(2)(B) or a less extensive summary under 26(a)(2)(C) depends on the expert's relationship to the issues involved in the litigation." *Slabaugh v. LG Electronics USA, Inc.*, 2015 WL 1396606, at *2 (S.D. Ind. Mar. 26, 2015). For example, treating physicians—such as Dr. Anderson and Dr. Vest—"need only provide a 26(a)(2)(C) summary disclosure so long as the testimony does not exceed the scope of observations made during treatment." *Id.* This is because treating physicians "often have firsthand knowledge of the events giving rise to the litigation and typically are not 'retained or specially employed to provide testimony.'" *Martin v. Stoops Buick, Inc.*, 2016 WL 4088132, at

5

*1 (S.D. Ind. July 28, 2016). A treating physician may also provide causation testimony under Rule 26(a)(2)(C), so long as such opinion was formed during the course of treatment. *Slabaugh*, 2015 WL 1396606, at *2; see *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010). The summary disclosure required by Rule 26(a)(2)(C)

> is a considerably less extensive report than the full expert report required under 26(a)(2)(B). Thus, "[c]ourts must take care against requiring undue detail, keeping in mind that these witnesses have not been specially retained and may not be as responsive to counsel as those who have." Fed. R. Civ. P. 26(a) advisory committee's note (2010). On the other hand, to guard against the prejudice of unfair surprise on opposing parties, and for 26(a)(2)(C) to have any meaning, summary disclosures must contain more than mere passing reference to the care a treating physician provided. *Hayes v. Am. Credit Acceptance, LLC*, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014). They must clearly identify the witness, state the subject matter of the expected testimony, and summarize actual opinions. *Id.*

*Slabaugh*, 2015 WL 1396606, at *3. Simply put, Rule 26(a)(2)(C) disclosures "need not outline each opinion in detail, but they must *summarize* them." *Id.* (emphasis in original).

Here, the Court finds that Plaintiff has sufficiently summarized Dr. Anderson's and Dr. Vest's expected testimony in accordance with Rule 26(a)(2)(C). Indeed, "a summary is defined as a brief account that states the main points of a larger body of information," like "an abstract, abridgment, or compendium." *Ballinger v. Casey's Gen. Store, Inc.*, 2012 U.S. Dist. LEXIS 45024, at *10 (S.D. Ind. Mar. 29, 2012) (citations omitted). Plaintiff has provided such a summary by stating that Dr. Anderson's and Dr. Vest's testimony will include how their reasonable treatment of Plaintiff's back and leg injuries were as a result of the collision, that Plaintiff's reasonable expenses were incurred as a result of the collision, that Plaintiff suffers permanent effects from the injuries occurred, that Plaintiff will require further treatment, and that the accident aggravated a pre-existing condition in Plaintiff's back. No further details are mandated by Rule 26(a)(2)(C).

While Defendants' argument follows *Hogan*, 2021 WL 843451, the Court respectfully disagrees with Judge Hanlon's interpretation of the expert disclosure Rules; the understanding that the requirements of Rule 26(a)(2)(C) are "considerably less extensive" than those of Rule 26(a)(2)(B) instructs that Plaintiff's disclosures—while they could have been more detailed—are nonetheless sufficient. Requiring Plaintiff to provide additional details would veer into the territory of a Rule 26(a)(2)(B) report. Rather, the expert disclosures provided have appropriately given Defendants notice of topics to explore in further detail during deposition.

Accordingly, Defendants' motion is **DENIED** to the extent that Dr. Anderson and Dr. Vest will not be excluded as expert witnesses due to Plaintiff's Rule 26(a)(2)(C) summary disclosures.

    2.  <u>Admissibility of Testimony</u>

Defendants additionally argue that Dr. Anderson and Dr. Vest should be excluded as expert witnesses on the ground that their testimony is inadmissible under Federal Rule of Evidence 702, which provides as follows:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Defendants base this argument on the deposition testimony of Dr. Anderson, [Dkt. 53-3], and Dr. Vest, [Dkt. 53-4]. However, Plaintiff explains that both depositions were cut short due to the deponents' time constraints, and thus concluded before Plaintiff had the opportunity to cross-examine the witnesses. [Dkt. 54 at 1.] Plaintiff's point is well-taken. The depositions must be

completed before the Court may consider the substance of such testimony in deciding whether to exclude Dr. Anderson and Dr. Vest as expert witnesses.

Accordingly, Defendants' motion is **DENIED** in this regard, without prejudice to its resubmission if appropriate, and the parties are ordered to complete the depositions of Dr. Anderson and Dr. Vest **before August 6, 2022**. Because Defendants set the initial depositions, and because Plaintiff is entitled to cross-examination, Defendants shall pay for the expenses of completing the depositions. Fed. R. Civ. P. 26(b)(4)(E).

### III.  Conclusion

For the reasons set forth above, Defendants' Motion to Preclude and/or Limit Testimony from Plaintiff's Experts, [Dkt. 52], is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that Dr. Raghavapuram, Dr. Amberker, and Dr. Gould are precluded from testifying as expert witnesses; the motion is **DENIED** to the extent that Dr. Anderson and Dr. Vest are not precluded from testifying as expert witnesses.

**Within 14 days of the date of this Order**, Plaintiff shall file an amended final witness list that includes "a brief synopsis of the expected testimony" for **each** potential witness in compliance with the Case Management Plan in this case.

Additionally, Defendant shall pay to schedule and complete the depositions of Dr. Anderson and Dr. Vest, and such depositions shall be completed **before August 6, 2022**.

SO ORDERED.

Dated:  28 JUN 2022

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

8

Distribution:

Service will be made electronically
on all ECF-registered counsel of record via
email generated by the Court's ECF system.